UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VICTOR MANUEL RAMOS ACOSTA, JOSE DANIEL
PADILLA ALONZO and ERIK JOSUE RUIZ MUNGUIA,
individually and on behalf of all others similarly situated,

                     Plaintiffs,

    -against-

TJAR GROUP CORP. and WANG LAM a/k/a RICHARD
LAM, as an individual,

                     Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs **VICTOR MANUEL RAMOS ACOSTA, JOSE DANIEL PADILLA ALONZO and ERIK JOSUE RUIZ MUNGUIA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, through undersigned counsel, bring this action against **TJAR GROUP CORP. and WANG LAM a.k.a RICHARD LAM, as an individual** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants located at 42-18 147th St., Queens, NY 11355.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff VICTOR MANUEL RAMOS ACOSTA residing at Jamaica, NY 11433 was employed by TJAR GROUP CORP., from in or around May 2021 until in or around January 2023.

8. Plaintiff JOSE DANIEL PADILLA ALONZO residing at Jamaica, NY 11433 was employed by TJAR GROUP CORP., from in or around November 2020 until in or around June 2022.

9. Plaintiff ERIK JOSUE RUIZ MUNGUIA residing at Jamaica, NY 11433 was employed by TJAR GROUP CORP., from in or around August 2021 until in or around December 2022.

10. Upon information and belief, Defendant TJAR GROUP CORP., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 42-18 147th St., Queens, NY 11355.

11. Upon information and belief, Defendant WANG LAM, known to Plaintiffs as "Richard", is the owner and operator of TJAR GROUP CORP.

12. Upon information and belief, Defendant WANG LAM is an agent of TJAR GROUP CORP.

13. Upon information and belief, Defendant WANG LAM is responsible for overseeing the daily operations of TJAR GROUP CORP.

14. Upon information and belief, WANG LAM has the power and authority over all the final personnel decisions of TJAR GROUP CORP.

15. Upon information and belief, WANG LAM has the power and authority over all final payroll decisions of TJAR GROUP CORP., including the Plaintiffs.
16. Upon information and belief, WANG LAM has the exclusive final power to hire the employees of TJAR GROUP CORP., including the Plaintiffs.
17. Upon information and belief, WANG LAM has the exclusive final power over the firing and terminating of the employees of TJAR GROUP CORP., including Plaintiffs.
18. Upon information and belief, WANG LAM is responsible for determining, establishing, and paying the wages of all employees of TJAR GROUP CORP., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.
19. Accordingly, at all relevant times hereto, Defendant WANG LAM was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.
20. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that TJAR GROUP CORP., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
### VICTOR MANUEL RAMOS ACOSTA

21. Plaintiff VICTOR MANUEL RAMOS ACOSTA was employed by TJAR GROUP CORP., as a carpenter and concrete mixer while performing related miscellaneous duties for the Defendants, from in or around May 2021 until in or around January 2023.
22. Plaintiff VICTOR MANUEL RAMOS ACOSTA regularly worked five (5) to six (6) days per week during his employment with the Defendants.
23. Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, 2 to 3 days per week and from 7:00 a.m. each workday and regularly ending at approximately 6:00

p.m. or later, 3 days per week, from in or around May 2021 until in or around November 2022.

24. Thus, Plaintiff was regularly required to work approximately 50.5 to 58.5 hours or more hours each week from in or around May 2021 until in or around November 2022.

25. However, Plaintiff worked fewer than 40 hours per week from in or around December 2022 until in or around January 2023.

26. Plaintiff VICTOR MANUEL RAMOS ACOSTA was paid by Defendants a flat hourly rate of approximately $25.00 per hour for all hours worked from in or around May 2021 until in or around January 2023.

27. Although Plaintiff regularly worked approximately 50.5 to 58.5 hours or more hours each week from in or around May 2021 until in or around November 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## JOSE DANIEL PADILLA ALONZO

28. Plaintiff JOSE DANIEL PADILLA ALONZO was employed by TJAR GROUP CORP., as a carpenter and mason while performing related miscellaneous duties for the Defendants, from in or around November 2020 until in or around June 2022.

29. Plaintiff JOSE DANIEL PADILLA ALONZO regularly worked 5 to 6 days per week during his employment with the Defendants.

30. Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, 3 to 4 days per week and from 7:00 a.m. each workday and regularly ending at approximately 6:30 p.m. or later, 2 days per week from in or around November 2020 until in or around June 2022.

31. Thus, Plaintiff was regularly required to work approximately 48.5 to 57 hours or more hours each week from in or around November 2020 until in or around June 2022.

32. Plaintiff JOSE DANIEL PADILLA ALONZO was paid by Defendants a flat daily rate of approximately $180.00 per day without regard for the number of hours worked from in or around November 2020 until in or around June 2022.

33. Although Plaintiff regularly worked approximately 48.5 to 57 hours or more hours each week from in or around November 2020 until in or around June 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**ERIK JOSUE RUIZ MUNGUIA**

34. Plaintiff ERIK JOSUE RUIZ MUNGUIA was employed by TJAR GROUP CORP., as a carpenter and concrete mixer while performing related miscellaneous duties for the Defendants, from in or around August 2021 until in or around December 2022.

35. Plaintiff ERIK JOSUE RUIZ MUNGUIA regularly worked 5 to 6 days per week during his employment with the Defendants.

36. Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, 3 to 4 days per week and from 7:00 a.m. each workday and regularly ending at approximately 6:30 p.m. or later, 2 days per week from in or around August 2021 until in or around December 2022.

37. Thus, Plaintiff was regularly required to work approximately 48.5 to 57 hours or more hours each week from in or around August 2021 until in or around December 2022.

38. Plaintiff ERIK JOSUE RUIZ MUNGUIA was paid by Defendants a flat daily rate of approximately $170.00 per day without regard for the number of hours worked from in or around August 2021 until in or around December 2022.

39. Although Plaintiff regularly worked approximately 48.5 to 57 hours or more hours each week from in or around August 2021 until in or around December 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## DEFENDANTS' OTHER VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

40. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

41. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

42. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

43. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

44. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

46. Collective Class: All persons who are or have been employed by the Defendants as carpenters, concrete mixers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

47. Upon information and belief, Defendants employed approximately 20 to 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

48. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
49. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.
50. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.
51. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
52. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
53. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
54. The claims of Plaintiff are typical of the claims of the whole putative class.
55. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.
56. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

57. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
58. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

59. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

60. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

61. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

62. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

63. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

64. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

65. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

66. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

67. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

70. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

73. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiffs prejudgment and post-judgment interest;

  e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: February 23, 2023
    Kew Gardens, NY


*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VICTOR MANUEL RAMOS ACOSTA, JOSE DANIEL PADILLA ALONZO and ERIK JOSUE RUIZ MUNGUIA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

TJAR GROUP CORP. and WANG LAM a.k.a RICHARD LAM, as an individual,

Defendants,

### COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**Service via Secretary of State:**
**TJAR GROUP CORP. (NYDOS ID#5604654)**
10-03 141 Street, Whitestone, Ny, United States, 11357

**Via Personal Service:**
**TJAR GROUP CORP.**
42-18 147th St., Queens, NY 11355

**WANG LAM a.k.a RICHARD LAM**
42-18 147th St., Queens, NY 11355